UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                                    Date:  February 3, 2022

Title       Dennis D. Catchings v. City of Santa Monica, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT *IN FORMA PAUPERIS* STATUS BE DENIED AND THAT PLAINTIFF BE DEEMED A VEXATIOUS LITIGANT**

On November 15, 2021, Plaintiff Dennis D. Catchings, a California prisoner proceeding *pro se*, filed the most recent action in a long series of civil rights complaints brought against a rotating set of Defendants, including the City of Santa Monica, the City of Santa Monica Police Department ("SMPD"), and various local, state, and federal government officials who were either involved in, had some connection to, or purportedly failed to investigate, his 2002 arrest and conviction. ("Complaint," Dkt. No. 1). The Court has repeatedly explained to Plaintiff that claims undermining the validity of his twenty-year old conviction and sentence are prohibited by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars claims for money damages where judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. at 487.  Nonetheless, the stream of complaints challenging the same conviction and sentence has continued unabated for over fifteen years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                                                  Date:  February 3, 2022

Title        Dennis D. Catchings v. City of Santa Monica, et al.

With the Complaint, Plaintiff filed an application to proceed *in forma pauperis*. ("IFP Appl.," Dkt. No. 2).  Because the instant Complaint appears to have been filed in bad faith in light of the Court's repeated warnings that Plaintiff's claims are *Heck*-barred and otherwise fail to state a constitutional claim, for the reasons stated below, Plaintiff is **ORDERED TO SHOW CAUSE** why the Magistrate Judge should not recommend that (1) Plaintiff's IFP application be denied, and (2) Plaintiff be declared a vexatious litigant.

**A.      Allegations Of the Complaint**

In the instant Complaint, Plaintiff sues the City of Santa Monica; Nick Cicciergui, a City of Santa Monica Police Department ("SMPD") detective; and Elaine S. Brown, a crime scene technician in the SMPD Internal Affairs Unit.  (Complaint at 3).  The individual Plaintiffs are sued in both their individual and official capacities.  (*Id.*).

Plaintiff asserts that he was falsely arrested on January 29, 2002 -- twenty years ago -- and maliciously prosecuted based on evidence manufactured by Cicciergui and Brown.  (*Id*. at 5-6).  Plaintiff further contends that on June 17, 2017, he filed citizen's complaints with the SMPD alleging misconduct by Cicciergui and Brown and demanding an investigation, but the SMPD did not conduct an investigation in furtherance of a cover-up.  (*Id*. at 6).  Plaintiff seeks $10 million dollars in compensatory damages from the City of Santa Monica, and $100,000 in punitive damages from Cicciergui and Brown. (*Id*. at 7).  Plaintiff also seeks an injunction prohibiting Defendants from subjecting him "to any future acts of abusive authority."  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                                    Date: February 3, 2022

Title         Dennis D. Catchings v. City of Santa Monica, et al.

> **B.   Plaintiff's False Arrest/Malicious Prosecution Claims Are Barred By The Doctrine In *Heck* And The Failure To Investigate Claim Fails To State A First Amendment Claim**

As the Court has **repeatedly** informed Plaintiff, most recently on March 3, 2021 in his last civil rights action, claims arising from his 2002 arrest and conviction are barred by the doctrine in *Heck*:

> In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a civil rights complaint for money damages must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  However, the *Heck* Court also explained that if a "plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnotes omitted).  Even where a claim survives the *Heck* bar, to obtain money damages, the plaintiff must show that the defendant's actions "caused him actual, compensable injury," which "does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* at 487 n.7.

(*Dennis Dale Catchings v. Jacqueline Seabrooks* (*"Seabrooks"*), C.D. Cal. Case No. 21-0284 ODW (PVC), Dkt. No. 6 at 7).

In the same Order, the Court further explained in the alternative that even if Plaintiff's failure to investigate claims were not barred by *Heck*, they failed to state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                              Date:  February 3, 2022

Title   Dennis D. Catchings v. City of Santa Monica, et al.

constitutional claim because the First Amendment protects the right to petition the government without retaliation, but does not require the government to respond:

> Plaintiff cannot demonstrate that his constitutional rights were implicated by Defendants' purported failure to investigate because he simply had no constitutional right to any investigation of his citizen's complaint, much less a thorough investigation or a particular outcome.  The First Amendment provides that Congress shall make no law abridging the right of the people "to petition the Government for redress of grievances."  The right to petition the government is "cut from the same cloth" as the other guarantees in the First Amendment and is "an assurance of a particular freedom of expression."  *McDonald v. Smith*, 472 U.S. 479, 482 (1985).  However, the Petition Clause guarantees only that an individual may "speak freely and petition openly" and that he will be free from retaliation by the government for doing so.  *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979) (per curiam).  The First Amendment does not guarantee that there will be any government response to a petition or that the government will take any action regarding the relief demanded by the petitioner. . . .

(*Seabrooks*, C.D. Cal. Case No. 21-0284 ODW (PVC), Dkt. No. 6 at 9-10).  Notably, both the *Heck* and First Amendment explanations in the *Seabrooks* Order were taken verbatim from a Report and Recommendation issued in an *earlier* case filed by Plaintiff, *Dennis Dale Catchings v. Unknown U.S. DOJ Official, et al.* ("*Unknown U.S. DOJ Official*), C.D. Cal. CV 19-8623 ODW (PVC), Dkt. No. 12 at 6-7, 13-14.  Plaintiff continually raises defective claims of the same nature arising from his 2002 arrest and conviction and just as continually ignores the Court's explanations of their defects.[1]

---

[1] The same Order in *Seabrooks* also provided a detailed explanation as to why all of Plaintiff's claims appeared to be untimely.  (*Seabrooks*, C.D. Cal. Case No. 21-0284 ODW (PVC), Dkt. No. 6 at 17-20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                                              Date:  February 3, 2022

Title      Dennis D. Catchings v. City of Santa Monica, et al.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).  Similar screening on the same grounds is also authorized where the plaintiff seeks to proceed IFP, whether or not the plaintiff is incarcerated.  28 U.S.C. § 1915(e)(2).  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why Plaintiff's IFP application should not be denied on the ground that the claims are patently frivolous, as they are barred by the *Heck* doctrine and fail to state a First Amendment claim.

## C.    **Vexatious Litigant Warning**

The Court also finds that it is appropriate to warn Plaintiff that he may be deemed a vexatious litigant.  This Order places Plaintiff on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon Plaintiff before he may file any future civil rights complaint or related IFP application with this Court.

Central District of California Local Rule ("L.R.") 83-8 governs vexatious litigants. Local Rule 83-8.3, "Findings," states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken."  *See* L.R. 83-8.3. This Court finds, as discussed more fully below, that Plaintiff has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

District courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                         Date:  February 3, 2022

Title          Dennis D. Catchings v. City of Santa Monica, et al.

Cir. 2007).  Accordingly, the Ninth Circuit has set forth four factors that a court must examine before issuing a pre-filing order on a finding that a litigant is vexatious:

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.  Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders.  First, the litigant must be given notice and a chance to be heard before the order is entered.  Second, the district court must compile an adequate record for review.  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Id.* (internal quotations and citations omitted).  The Court will address the four factors below.

### 1.     Notice And Opportunity To Be Heard

The Court hereby notifies Plaintiff that it is considering recommending that Plaintiff be deemed a vexatious litigant for the reasons set forth in this Order.  As discussed below, Plaintiff must file a written response to this Order within twenty-one (21) days of the date of this Order explaining why he should not be deemed a vexatious litigant.

### 2.     An Adequate Record For Review

Plaintiff has previously filed numerous civil rights cases for money damages in the Central District of California clearly challenging the validity of his 2002 conviction and sentence, as well as the purported failure to investigate the police misconduct that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                                         Date:  February 3, 2022

Title          Dennis D. Catchings v. City of Santa Monica, et al.

resulted in that conviction.  Plaintiff is expressly notified that the Court finds that the following cases demonstrate a pattern of frivolous and harassing filings by Plaintiff in this Court:

   a.   *Dennis D. Catchings v. Santa Monica Police Dept., et al.*, CV 05-0308 UA (SS) (filed 01/13/05; closed 01/31/05).  Complaint alleged due process violations in the context of Plaintiff's 2002 conviction; IFP denied because claims were *Heck*-barred.  (Dkt. No. 2).

   b.   *Dennis D. Catchings v. City of Santa Monica., et al.*, CV 06-0006 UA (SS) (filed 01/03/06; closed 02/17/06).  Complaint alleged police misconduct, conspiracy and manufacturing of evidence leading to Plaintiff's 2002 conviction; IFP denied because claims were *Heck*-barred.  (Dkt. No. 2).

   c.   *Dennis D. Catchings v. City of Santa Monica Police Dept., et al.*, CV 06-5721 UA (SS) (filed 09/12/06; closed 10/23/06). IFP denied because claims were *Heck*-barred and Plaintiff failed to support his IFP application with his trust account statement.  (Dkt. No. 2).

   d.   *Dennis D. Catchings v. City of Santa Monica, et al.*, CV 09-8473 UA (SS) (filed 11/18/09; closed 12/18/09).  Complaint alleged due process violations during Plaintiff's 2002 state criminal proceedings, including the fabrication of evidence by the SMPD; IFP denied because claims were *Heck* barred.  (Dkt. No. 2).

   e.   *Dennis D. Catchings v. Timothy Jackman, et al.*, CV 13-2788 UA (SS) (filed 04/22/13; closed 08/13/13).  Complaint alleged that the SMPD failed to investigate Plaintiff's citizen's complaints related to his 2002 conviction.  Because Plaintiff failed to respond to an Order to Show Cause why the dismissals of his prior complaints should not count as strikes under 28 U.S.C. § 1915(g), IFP was denied on that ground.  (Dkt. No. 3).

   f.   *Dennis Dale Catchings v. U.S. Department of Justice, et al.*, CV 17-5358 ODW (SS) (filed 07/20/17; closed 03/07/18).  Complaint alleged that the U.S. Department of Justice failed to investigate Plaintiff's citizen's complaint that the SMPD fabricated evidence, which led to his 2002 arrest and conviction.  Because Plaintiff did not respond to an Order to Show Cause why the action should not be dismissed under 28 U.S.C. § 1915(g), the action was dismissed with prejudice for failure to prosecute under Rule 41(b).  (Dkt. Nos. 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-9072 ODW (PVC)                                      Date:  February 3, 2022

Title  Dennis D. Catchings v. City of Santa Monica, et al.

                (Report and Recommendation); 12 (Order Accepting); 13 (Judgment)).

     g.    *Dennis Dale Catchings v. Unknown U.S. DOJ Official et al.*, CV 19-8623 ODW (PVC) (filed 10/07/19; closed 04/16/20).  The First Amended Complaint sued unknown agents at the U.S. Department of Justice and Federal Bureau of Investigation and an unnamed United States Attorney for the Central District of California for failure to investigate Plaintiff's claims that the SMPD unlawfully caused his wrongful incarceration.  The case was dismissed as *Heck*-barred and for failure to state a constitutional claim under *Bivens*, including a First Amendment claim for failure to investigate.  (Dkt. Nos. 12 (Report and Recommendation); 13 (Order Accepting); 14 (Judgment)).

     h.    *Dennis Dale Catchings v. Jacqueline Seabrooks et al.*, CV 21-0284 ODW (PVC) (filed 01/11/21; closed 07/02/21).  Complaint alleged that Plaintiff was falsely arrested in 2002, and that city, county, state and federal agency authorities failed to investigate his complaints of police misconduct and denied him equal protection of the law.  The Complaint was dismissed for failure to state a claim, noting, among other defects, the *Heck* bar and the fact that the failure to investigate claims did not state a violation of the First Amendment.  Because Plaintiff did not file an amended complaint, the action was dismissed with prejudice for failure to prosecute under Rule 41(b).  (Dkt. Nos. 9 (Report and Recommendation); 10 (Order Accepting); 10 (Judgment)).[2]

---

[2] In 2009, Plaintiff filed a civil rights action not included in the list above, *Dennis Dale Catchings v. M. Holland, et al.*, CV 09-3057 UA (filed 05/01/09; closed 07/28/09).  That case was summarily dismissed for failure to pay the filing fee or file an IFP application, despite notice to Plaintiff of the deficiency.  (Dkt. No. 2).  Because the docket does not readily reflect the substance of Plaintiff's complaint, the Court cannot say with certainty that it challenged his 2002 conviction.

In 2017, Plaintiff filed another civil rights action, *Dennis Dale Catchings v. J. Lewis, et al.*, CV 17-3293 ODW (SS) (filed 05/02/17; closed 06/30/17), alleging that the Deputy Director of Policy and Risk Management for the California Correctional Health Care Services wrongfully denied his request for a lower bunk accommodation.  The Court issued an Order Dismissing Complaint with Leave to Amend because Plaintiff failed to state a claim under Rule 12(b)(6).  (*See generally id.*, Dkt. No. 5).  Plaintiff voluntarily dismissed the action following the issuance of the ODLA.  (Dkt. No. 6).  The Court is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                                        Date:  February 3, 2022

Title        Dennis D. Catchings v. City of Santa Monica, et al.

### 3. Substantive Findings About The Frivolous Or Harassing Nature Of Plaintiff's Litigation

Plaintiff has repeatedly filed civil rights actions challenging the validity of his conviction and sentence despite the Court's repeated explanations that such claims are barred by the *Heck* doctrine and that claims based on the failure to investigate his post-conviction citizen's complaints of police misconduct in connection with his arrest did not state a constitutional claim.  Despite numerous warnings over the span of more than fifteen years, Plaintiff continues to file civil rights actions against a limited set of defendants raising the same or similar patently frivolous claims, knowing that the claims are defective.  All of Plaintiff's actions were dismissed before service of process and most were summarily dismissed upon the denial of *in forma pauperis* status.  Plaintiff is likely to continue wasting the Court's resources on such patently frivolous and harassing claims absent a vexatious litigant order.

### 4. A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit.  *In re Oliver*, 682 F. 2d 443, 445 (3rd Cir. 1982).  Plaintiff has demonstrated a pattern of filing frivolous lawsuits despite this Court's warnings, and an Order preventing Plaintiff from filing any future complaints against any defendant, without court permission, is therefore appropriate in this situation.

If Plaintiff is found to be a vexatious litigant, this Court will issue a pre-filing order requiring Plaintiff to obtain leave of court before filing any civil rights complaint or related IFP application in this Court.  Plaintiff will have to submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court.  If the Court does not grant Plaintiff written permission to file within thirty (30)

---

including this case in the list of vexatious actions because it does not implicate his 2002 conviction and arrest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9072 ODW (PVC)                               Date:  February 3, 2022

Title         Dennis D. Catchings v. City of Santa Monica, et al.

days of the date of his motion for leave to file a vexatious litigant complaint, permission will be deemed denied.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, within twenty-one days of the date of this Order, why the Magistrate Judge should not recommend that Plaintiff be deemed a vexatious litigant.  Plaintiff should explain why each of his prior filings related to his 2002 conviction and sentence are not frivolous or harassing.

**D.     Conclusion**

In accordance with the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE**, within twenty-one (21) days of the date of this Order, why (1) IFP status should not be denied and this action summarily dismissed because Plaintiff's claims are barred by the *Heck* doctrine and otherwise fail to state a constitutional claim, and (2) why he should not be deemed a vexatious litigant.

Plaintiff is cautioned that he may not avoid a vexatious litigant finding merely by voluntarily dismissing this case at this juncture, as "[e]ven when a plaintiff voluntarily dismisses a case, this Court retains the inherent authority to issue orders on matters collateral to the merits of the underlying case and to conduct sanction proceedings and impose any sanction for abusive conduct authorized by the federal rules of procedure or federal statutes." *Emrit v. Centers for Medicare & Medicaid Servs.*, 2015 WL 13738601, at *3 (D. Nev. June 16, 2015), report and recommendation adopted, 2016 WL 164992 (D. Nev. Jan. 14, 2016); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (district court can impose sanctions after plaintiff voluntarily dismisses action because "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending"); *see also Eng v. Marcus & Millichap Co.*, 2011 WL 2175207, at *1 (N.D. Cal. June 3, 2011) (finding plaintiff a vexatious litigant after voluntary dismissal of action in reliance on *Cooter*); *Hernandez v. Brewer*, 2018 WL 2765757, at *7 (D. Ariz. June 8, 2018), *aff'd sub nom. Hernandez v. Ducey*, 773 F. App'x 436 (9th Cir. 2019) (declaring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 21-9072 ODW (PVC)                              Date:  February 3, 2022

Title         Dennis D. Catchings v. City of Santa Monica, et al.

plaintiff a vexatious litigant and imposing pre-filing restrictions after closure of action); *Duell v. Gore*, 2021 WL 2582610, at *5 (C.D. Cal. Apr. 7, 2021), report and recommendation adopted, 2021 WL 2580514 (C.D. Cal. June 22, 2021) (recommending that habeas petitioner be declared a vexatious litigant after petition was denied and judgment entered).

    Plaintiff is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute, and will similarly not preclude a vexatious litigant finding.  *See* Fed. R. Civ. P. 41(b).  Accordingly, if Plaintiff wishes to avoid being deemed a vexatious litigant, he must file a response to this Order explaining why the prior actions listed above are neither frivolous nor harassing.

    The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |